*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-163

NOVEMBER TERM, 2013

| | | |
|---|---|---|
| Mark T. Brady and Mary T. Brady | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Addison Broadcasting Co., Inc., Radio Broadcasting, Inc., and Steven Silberberg | } | DOCKET NO. 285-12-11 Ancv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiffs Mark and Mary Brady appeal from the trial court's denial of their motion for reconsideration following a judgment order in their favor against Addison Broadcasting Company, Inc. We construe their post-judgment filing as a motion for relief from judgment under Vermont Rule of Civil Procedure 60(b), and we remand to the trial court for additional proceedings.

The record indicates the following. The Bradys sued defendants in connection with a debt owed to them by a party that went through bankruptcy. Defendant Addison Broadcasting assumed the debt as part of an asset purchase agreement, and made payments to the Bradys for some time. It did not make a balloon payment as it had agreed to do. The court concluded that Addison Broadcasting owed the Bradys $68,731.44 plus interest accruing at 12% per year from the date of judgment. As part of its decision, the court agreed with defendants that there were no allegations that would create any liability for Radio Broadcasting Services, Inc. (RBS) or Steven Silberberg. To support this contention, Silberberg had averred that neither he nor RBS had ever agreed to pay any money to the Bradys or to assume any of Addison Broadcasting's debts.

The Bradys filed a motion to reconsider, explaining that they had learned from the Vermont Secretary of State's Office that Addison Broadcasting ceased operations in 2007. The Bradys asked the court to compel Addison Broadcasting, or its assigns, to fulfill its legal obligation to repay the debt. The court denied the motion, finding that it could not impose a judgment against other parties without a legal basis for doing so. The Bradys appealed. They attached to their brief a copy of Articles of merger between Addison Broadcasting Co. and RBS, a document that is not in the superior court record.

While the appeal was pending, counsel for defendants Addison Broadcasting, RBS, and Silberberg filed a letter with this Court. Counsel noted that the Bradys had filed a copy of Articles of Merger, as an addendum to their brief. Counsel acknowledged that Mr. Silberberg was incorrect in averring that neither he nor RBS had agreed to assume Addison's debts. Pursuant to 11A V.S.A. § 11.06(a)(3), RBS assumed Addison's debts by operation of law. See

id. ("When a merger takes effect . . . the surviving corporation has all liabilities of each corporation party to the merger . . . .").

The information about the merger, and its suggested legal effect, is contained in filings in this Court that are not part of the trial court record. We conclude, however, that it would create an injustice to ignore these filings. Thus, in light of these post-judgment pleadings and the acknowledged legal and factual errors, we remand this case to the trial court for additional proceedings consistent with this opinion. The trial court should consider appellees' disclosure as part of a renewed Rule 60(b) post-judgment motion by the Bradys to determine whether RBS is liable for the Addison Broadcasting debt under the merger agreement and 11A V.S.A. § 11.06(a)(3) and act accordingly.

As to the Bradys' request for costs, they are directed to V.R.A.P. 39(d)(1), which requires a party desiring costs to state them in an itemized and verified bill of costs to be filed with the clerk within fourteen days after the entry of judgment.

Remanded for additional proceedings consistent with this opinion.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice